## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK
## BUFFALO DIVISION

| | |
|---|---|
| Alice Meadows, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Check Resolution Service Inc., | **COMPLAINT** |
| Defendant. | |

For this Complaint, the Plaintiff, Alice Meadows, by undersigned counsel, states as follows:

### JURISDICTION

1.      This action arises out of Defendant's repeated violations of the Fair Debt Collections Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

### PARTIES

3.      Plaintiff, Alice Meadows (hereafter "Plaintiff"), is an adult individual residing at 501 County Road 130, Burnet, Texas 78611, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4.      Defendant Check Resolution Service, Inc. (hereafter "Defendant"), is a New York corporation with an address of 1555 Kenmore Avenue, Kenmore, New York 14217, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5.      The names of the individual collectors are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

6.      Plaintiff incurred a financial obligation that was primarily for family, personal or household purposes, and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7.      Thereafter, the debt was purchased, assigned or transferred to Defendant for collection from Plaintiff.

8.      The Defendant then began attempts to collect this debt from the Plaintiff, which was a "communication" as defined in 15 U.S.C. § 1692a(2).

9.      The Defendant contacted the Plaintiff and purported to be a law firm, in violation of 15 U.S.C. § 1692e(3).

10.     The Defendant threatened the Plaintiff with a lawsuit, stating they would be sending a summons to the Plaintiff, in violation of 15 U.S.C. § 1692e(5).

11.     The Defendant made misrepresentations and used deceptive means in an attempt to collect the debt, by acting as a licensed law firm and by attempting to collect a debt through means of empty legal threats, in violation of 15 U.S.C. § 1692e(10).

12.     Due to the Defendant's activities the Plaintiff became distraught and had to leave work.

2

13.     The Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, *et seq.*

14.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15.     The Defendant made misleading representations in communication with the Plaintiff, stating that the communication was from a law firm, in violation of 15 U.S.C. § 1692e(3).

16.     The Defendant threatened to take legal action with no intention of taking legal action and without the authority of law to take legal action, in violation of 15 U.S.C. § 1692e(5).

17.     The Defendant used deceptive collection practices in an attempt to collect the debt by threatening and scaring the Plaintiff into believing the communication was from an attorney and that legal papers would be served upon the Plaintiff directly by the Defendant, in violation of 15 U.S.C. § 1692e(10).

18.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT III

### VIOLATIONS OF N.Y. GEN. BUS. § 601, *et al.*
### PROHIBITED PRACTICES IN DEBT COLLECTION PROCEDURES

19.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20.     Plaintiff is a "debtor" and Defendant is a "principal creditor" as defined under the N.Y. Gen. Bus. § 601.

21.     The Defendant threatened to take action against the Plaintiff which the Defendant in his usual course of business does not take, in violation of N.Y. Gen. Bus. § 601(7).

22.     The Defendant falsely used communication which simulated legal or judicial proceedings and which had the appearance of having been authorized by an attorney or government agent, in violation of N.Y. Gen. Bus. § 601(9).

23.     As a result of Defendant's violations of N.Y. Gen. Bus. § 601, the Plaintiff is entitled to damages.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

2.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant.

4.  Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent

FDCPA violations and intentional, reckless, and/or negligent invasions of

privacy in an amount to be determined at trial for Plaintiff;

5.  Punitive damage; and

6.  Such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: June 2, 2009

Respectfully submitted,

By _____

Sergei Lemberg (SL 6331)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (877) 795-3666
Attorneys for Plaintiffs